# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHINIQIA INTERNATIONAL SHIPPING LLC,<br><br>               Plaintiff,<br><br>-against-<br><br>ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO.<br><br>               Defendant. | **SUMMONS IN A CIVIL ACTION**<br><br>Case No. 07 CV 5628<br><br>JUDGE STEIN |

**TO:** (name and address of defendants)

ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO.
Sanaa'i St. 6th Valley, No 41
Tehran, IR Iran

ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO.
Number 8 Malek Avenue, Second Floor, Tehran, Iran.

ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO.
Kilometer 9 Saveh Road
Tehran, Iran.

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

_____              JUN 13 2007
CLERK                                                                   DATE

_____
DEPUTY CLERK

**07 CV 5628**

**JUDGE STEIN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHINIQIA INTERNATIONAL SHIPPING LLC,

    Plaintiff,

-against-

ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO.

    Defendant.

07 CV

**VERIFIED COMPLAINT**



**PLEASE TAKE NOTICE** that Plaintiff, PHINIQIA INTERNATIONAL SHIPPING LLC, ("PHINIQIA"), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against Defendants, ISARGOSTARAN FAJR CONTAINER COOPERATION CO. (IFCOC) a/k/a ISAAR GOSTARAAN FAJR, CONTAINER OPERATION COOPERATIVE CO. ("IFCOC"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

2. Plaintiff is a legal entity duly organized and existing pursuant to the laws of a foreign country.

3. Defendant IFCOC is a business entity organized and existing pursuant to the laws of a foreign country with offices and a place of business located at Sanaa'i Street, 6th

Valley, No. 41, Tehran, IR Iran.

4. Defendant IFCOC has offices and a place of business located at Number 8 Malek Avenue, Second Floor, Tehran, Iran.

5. Defendant IFCOC has offices and a place of business located at Kilometer 9 Saveh Road, Tehran, Iran.

6. Defendant IFCOC is a business entity organized and existing pursuant to the laws of the State of New York.

7. On or about January 17, 2007, Plaintiff, as chartered-owner, and Defendant IFCOC, as charterer, entered into a charter agreement for the use of the M/V MICHALAKIS.

8. Plaintiff complied with each and every requirement imposed by the agreement between the parties.

9. Defendant IFCOC wrongfully, willfully, negligently and/or fraudulently breach the terms of the subject charter agreement by, *inter alia*, failing to pay freight, demurrage, port fees and other associated costs.

10. As a result of Defendant's breach of the subject charter agreement, Plaintiff has incurred, and will continue to incur, costs and expenses for which Defendant is liable under the terms of the charter agreement.

11. Plaintiff has placed Defendant on notice of its claim that Defendant has breached the subject charter agreement.

12. Despite Plaintiff's repeated demands, Defendant has failed to pay the amounts due and owing to Plaintiff under the charter agreement.

13. Pursuant to the charter agreement, disputes are to be settled by arbitration, and Plaintiff has commenced arbitration with Defendant, accordingly.

14. Under the rules of such arbitration, interest, costs, and attorneys' fees are routinely awarded to the prevailing party.

15. As a result of Defendant's breach of the charter agreement, Plaintiff has sustained damages, and, as best as can now be estimated, Plaintiff expects to recover the

following amounts, exclusive of interest, by way of arbitral award:

| | |
|---|---|
| Principal Claim | $1,397,730.15 |
| Attorneys' and Expert's Fees, Arbitration Expenses | $300,000.00 |
| **Total** | **$1,697,730.15** |

16. Plaintiff notes that the above claim figures constitute estimates derived from the information currently available and reserves the right to amend or adjust same in the event that newly discovered facts demand such amendment.

17. Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. All conditions precedent required of Plaintiff in the aforesaid charter agreement have been performed.

19. Defendant IFCOC cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V. and/or DBS Bank Ltd, which are believed to be due and owing to Plaintiff.

20. For the purpose of obtaining personal jurisdiction over Defendant and securing Plaintiff's claim as described above, Plaintiff seeks and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B

of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendant, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against Defendant IFCOC, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant IFCOC cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court directs the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. § 1 et seq., restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York, Citibank, HSBC Bank USA N.A., J.P. Morgan Chase, Standard Chartered Bank, Siam Commercial Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., DBS Bank Ltd., and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$1,697,730.15** to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

- 4 -

        D.      That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, NY

      June 13, 2007

Respectfully submitted,

MAHONEY & KEANE, LLP.
Attorneys for Plaintiff
**PHINIQIA INTERNATIONAL SHIPPING LLC**

By: _____
Edward A. Keane, Esq. (EK 1398)
111 Broadway, 10th Floor
New York, NY 10006
Tel. (212) 385-1422
Fax (212) 385-1605
Our File No. 67/3404

## SERVICE LIST

ISARGOSTARAN FAJR CONTAINER
COOPERATION CO. (IFCOC) a/k/a ISAAR
GOSTARAAN FAJR, CONTAINER
OPERATION COOPERATIVE CO.
Sanaa'i St. 6th Valley, No 41
Tehran, IR Iran

ISARGOSTARAN FAJR CONTAINER
COOPERATION CO. (IFCOC) a/k/a ISAAR
GOSTARAAN FAJR, CONTAINER
OPERATION COOPERATIVE CO.
Number 8 Malek Avenue, Second Floor,
Tehran, Iran.

ISARGOSTARAN FAJR CONTAINER
COOPERATION CO. (IFCOC) a/k/a ISAAR
GOSTARAAN FAJR, CONTAINER
OPERATION COOPERATIVE CO.
Kilometer 9 Saveh Road
Tehran, Iran.

<u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is EDWARD A. KEANE.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiff, PHINIQIA INTERNATIONAL SHIPPING LLC, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its counsel, all of which I believe to be true and accurate.

Dated: New York, New York

June 13, 2007

_____
Edward A. Keane (EK 1398)